86 F.3d 1157
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen O. WILSON, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner of Social Security, Defendant-Appellee.
 No. 95-6025.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; DOWD, District Judge.*
 
 ORDER
 
 2
 The plaintiff appeals from a judgment affirming the Commissioner's denial of disability benefits under the Social Security Act. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Kentucky resident Karen Wilson applied for Social Security disability benefits. Wilson's claim was eventually the subject of an evidentiary hearing before an Administrative Law Judge (ALJ) where she proceeded without counsel. The ALJ concluded that Wilson's application should be denied. The ALJ's decision was subsequently adopted as that of the Commissioner after Wilson's unsuccessful appeal to the Appeals Council.
 
 
 4
 Wilson, with the aid of counsel, sought review of the Commissioner's ruling in district court pursuant to 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the decision should be affirmed. The district court adopted this recommendation over Wilson's objections and this appeal followed. The parties have briefed the issues and have waived oral argument.
 
 
 5
 Wilson alleged that she became totally disabled on September 1, 1990, owing to a combination of chronic diarrhea, arthritis, general weakness, headaches and fibrositis. The allegations concerning her chronic diarrhea are the most significant for purposes of this appeal. Wilson alleged that her diarrhea began after her gallbladder was removed in August 1990. She testified that she takes a medication to control the condition, but still must use the bathroom between 6-12 times a day. Medical evidence reflected that Wilson's weight nevertheless was stable from May 1991 to June 1992. Indeed, Wilson's testimony at the hearing indicated that she had gained weight in the face of allegations of chronic diarrhea.
 
 
 6
 Two isolated observations contained in the medical reports of Dr. Bonner are the key to Wilson's appellate claim. Dr. Bonner's notes of June 25, 1991, reflect his skepticism that Wilson was not responding normally to the recommended treatment for her diarrhea and was reporting some unusual side effects. He had "some doubt in my mind as to the validity of some of her side effects which I have never seen in some very common nonabsorbable drugs." Dr. Bonner wrote, after Wilson's visit of July 8, 1991, that he was "highly suspicious" of the existence or extent or her chronic diarrhea and he began to "strongly suspect" a "significant psychological component to many of her complaints."
 
 
 7
 Based on the above, the magistrate judge discredited Wilson's testimony as to the extent and disabling consequences of her alleged chronic diarrhea. Counsel for Wilson contends on this appeal that the presence of Dr. Bonner's notations should have alerted the ALJ that there was a possibility of a psychological component to Wilson's complaint. Counsel argues that, as Wilson was appearing at the hearing without counsel, it was incumbent upon the ALJ to develop this aspect of the record by appointing independent mental health experts to examine Wilson. Counsel concludes that the failure to do so amounts to reversible error.
 
 
 8
 The record also reflects that Wilson's pro se appearance before the ALJ did not result in the deprivation of a fair administrative adjudication. The ultimate responsibility for ensuring that a claimant receives a full and fair hearing lies with the ALJ. Thus, when a disability claimant appears at a hearing without counsel, the ALJ has a special duty not only to conduct a fair proceeding but also to ensure that a full record is developed. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 856 (6th Cir.1986). The mere fact that a claimant is acting without counsel, however, is not grounds for reversal. Holden v. Califano, 641 F.2d 405, 408 (6th Cir.1981).
 
 
 9
 Counsel for Wilson contends that there was sufficient evidence of record to alert the ALJ that further psychological testing of the claimant was necessary to establish the extent of her mental impairment. The Commissioner responds that there never has been, and isn't at this time, any suggestion that Wilson's alleged inability to work was caused by a mental disability. Rather, the only question posed by the physicians' notations in issue concerns the source of her physical complaints, complaints that were found not to be disabling regardless of their source.
 
 
 10
 The Commissioner's position is persuasive. There is nothing in the record before this court to alert a fact finder that, in the process of building a record revolving alleged physical disabilities, it would be necessary to elicit clinical documentation of the possible psychosomatic source of the disabling condition. There is a total absence of any suggestion, either in the record or in Wilson's brief to this court, as to what other specific information would have been elicited which would have enhanced a determination of disability. This circumstance is fatal to Wilson's appellate contention. See Duncan, 801 F.2d at 856.
 
 
 11
 The remaining issue is whether there is sufficient evidence supporting the conclusion that Wilson was not disabled within the meaning of the Act. The standard of review that applies to Wilson's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The Commissioner's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc). Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, and it is the Commissioner's function to resolve conflicts in the evidence and to determine issues of credibility. King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984).
 
 
 12
 This assignment is also directed solely to the complaints of chronic diarrhea. We have reviewed the record and find ample support for the Commissioner's decision.
 
 
 13
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation